UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

BRIAN CASTRO,

                Plaintiff,

- against -

THE CITY OF NEW YORK,
P.O. VICTOR GONZALEZ (Tax ID # 931698),
P.O. JOHN ROBINSON (Shield # 30259),
Individually and in their official capacities,

                Defendant.

------------------------------------------------------------------x

DKT#:
**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE

14 CV 5171

JUDGE NATHAN

RECEIVED JUL 11 2014 U.S.D.C. S.D.N.Y.

    Plaintiffs, BRIAN CASTRO, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

    1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

    3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

    4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, BRIAN CASTRO, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. VICTOR GONZALEZ (Tax ID # 931698) and P.O. JOHN ROBINSON (Shield # 30259), were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. At all times referenced herein, the incident subject to this lawsuit occurred on or about February 20, 2014 at approximately 7:35 a.m., at the South West corner of Amsterdam Avenue and West 144th Street in the County and State of New York.

14. On February 20, 2014 at approximately 7:35 a.m., the Plaintiff had exited his home at 500 144th Street, Apt. 1H, New York, NY, 10031.

15. As the Plaintiff exited his home, P.O. VICTOR GONZALEZ (Tax ID # 931698) and P.O. JOHN ROBINSON (Shield # 30259) ran up to the Plaintiff at a high rate of speed and physically grabbed and accosted the Plaintiff.

16. P.O. JOHN ROBINSON (Shield # 30259) punched the Plaintiff two or three times in the face with a closed fist. These physical blows to Plaintiff caused Plaintiff pain, suffering, and physical injury.

17. P.O. VICTOR GONZALEZ (Tax ID # 931698) and P.O. JOHN ROBINSON (Shield # 30259), physically tackled or otherwise brought Plaintiff's body to the ground.

18. P.O. VICTOR GONZALEZ (Tax ID # 931698) and P.O. JOHN ROBINSON (Shield # 30259), handcuffed the Plaintiff and placed him under arrest.

19. The Plaintiff was arrested without probable cause.

20. The Plaintiff did not commit a crime.

21. The Defendants did not have any reasonable basis to believe the Plaintiff had committed a crime.

22. P.O. VICTOR GONZALEZ (Tax ID # 931698) signed a criminal complaint, which was sworn to under oath, and which contained allegations of criminal conduct against the Plaintiff. The Criminal complaint alleged as follows:

> "I observed the defendant approach me, drop a bag on the ground, and make a fist. I identified myself as a Police Officer by stating in substance, "Police" and displaying my shield. I then observed the defendant swing his hand at me with a closed fist."

23. The statement in the criminal complaint, and which is set forth above under Paragraph 22, is false. First, the Plaintiff did not drop his bag on the ground and make a fist. Second, the Defendant police officers did not identify themselves as police officers upon approach to the Plaintiff. Third, the Plaintiff did not swing his hand at either of the Defendants with a closed fist.

24. The criminal complaint also states as follows:

> "When I attempted to place the defendant under arrest for attempting to hit me, he flailed his arms, twisted away from me, pushed and shoved me, repeatedly swung his fist at me, and refused to put his hands behind his back, making it difficult to handcuff him."

25. The statement in the complaint, and which is set forth above under Paragraph 24, is false. The Plaintiff did not flail his arms, twist away from the Defendants, push and shove either Defendant, or repeatedly swing his fist at the Defendants. The Plaintiff did not refuse to put his hands behind his back.

26. The criminal complaint also states as follows:

> "I took loose marijuana from the bag which the defendant had dropped on the ground just prior to swinging his fist at me. I believe the substance is marijuana based upon my professional training as a police officer in the identification of drugs, my prior experience as a police officer making drug arrests, the odor emanating from the substance, and a field test of the substance which confirmed that the substance is in fact marijuana."

27. The statement in the complaint, and which is set forth above under Paragraph 26, is false. The Plaintiff did not possess any marijuana in his bag on February 20, 2014.

28. P.O. VICTOR GONZALEZ (Tax ID # 931698) prepared a "field test report" in connection with the arrest of Plaintiff and in connection with a chemical test of the marijuana alleged to have been seized from Plaintiff's bag.

29. Upon information and belief, the Defendants prepared a property voucher or evidence voucher for marijuana in connection with the arrest of Plaintiff and alleged, as part of the arrest process, and which was communicated to the prosecutor's office, that the marijuana was seized from the Plaintiff and taken from his bag.

30. To the extent that the Defendants vouchered marijuana and alleged that it was seized from the Plaintiff and his bag, such information was false, fabricated, and "planted", all in an effort to concoct false charges against the Plaintiff. Any marijuana that was alleged to have been seized as evidence as part of Plaintiff's arrest did not belong to the Plaintiff and was never in his possession on February 20, 2014.

31. The Plaintiff was charged by the Defendants with various crimes and violations, including: Obstructing Governmental Administration in the Second Degree, Resisting Arrest, Attempted Assault in the Third Degree, Unlawful Possession of Marijuana, and Disorderly Conduct. Each of these criminal charges and violations were falsely brought against the Plaintiff without probable cause.

32. After the Plaintiff's arrest, he was held in custody for approximately 14 hours before he was released from custody.

33. The Plaintiff returned to court on approximately two occasions to defend the charges against him.

34. In addition to appearing in court, the Plaintiff and his criminal defense lawyer also met with prosecutors in connection with his case.

35. In or about May of 2014 the criminal charges were dismissed.

36. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss and deprivation of his constitutional rights.

## FEDERAL LAW CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

39. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the

supervision of ranking officers of said department.

42. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and unlawful seizure of his person without any probable cause, privilege, or consent.

45. That the defendants did not have a lawful right to stop the plaintiff on the street.

46. That the defendants did not have a lawful right to engage in a "stop and frisk" of the Plaintiff.

47. The Defendants did not have a lawful right to engage in an investigatory stop of the Plaintiff, in violation of Terry v. Ohio, 392 US 1 (1968) and its progeny.

48. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

49. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

52. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

56. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

57. Defendants acted with malice in initiating criminal proceedings against plaintiff.

58. Defendants were directly and actively involved in the continuation of criminal

proceedings against plaintiff.

59. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

60. Defendants acted with malice in continuing criminal proceedings against plaintiff.

61. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in plaintiff's favor when all criminal charges against him were dismissed.

62. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C § 1983

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. That the level of force employed by defendants, was objectively unreasonable and in violation of Plaintiff's, constitutional rights.

65. As a result of the foregoing, the plaintiff suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants subjected the Plaintiff to false arrest and a protracted and unreasonable traffic stop.

68. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

69. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

70. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

    (a) Failing to properly train, in general;

    (b) Failing to supervise police officers;

    (c) Subjecting persons to violations of their constitutionally protected rights;

    (d) Subjecting persons to false arrest.

71. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

72. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

73. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

74. As a result of the foregoing, plaintiff sustained, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## DAMAGES AND RELIEF REQUESTED

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. To receive equal protection under the law.

77. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the following damages:

a. <u>Federal Law Causes of Action</u>: The sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper;

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
July 8, 2014

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832

Case 1:14-cv-05171-AJN    Document 2    Filed 07/11/14    Page 13 of 14

JS 44C/SDNY
REV. 4/2014

JUDGE NATHAN

**CIVIL COVER SHEET**   14 CV 5171   1 1 2014

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
Brian Castro

DEFENDANTS    JUL 1 1 2014
The City of New York, P.O. Victor Gonzalez (Tax ID# 931698), P.O. John Robinson (Shield # 30259), individually and in their official capacities.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Treyvus & Konoski, P.C. 305 Broadway 14th Floor NY, NY 10007
(212) 897-5832

ATTORNEYS (IF KNOWN)
Unknown.

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC 1983  Excessive Force, Police Misconduct, False Arrest

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [x] Yes [ ] Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?    No [x]  Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

TORTS

CONTRACT
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

REAL PROPERTY
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

PERSONAL INJURY
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

ACTIONS UNDER STATUTES

CIVIL RIGHTS
[x] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

PERSONAL INJURY
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

PERSONAL PROPERTY
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING

[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

PRISONER PETITIONS
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

PRISONER CIVIL RIGHTS
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

FORFEITURE/PENALTY
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

LABOR
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

IMMIGRATION
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

ACTIONS UNDER STATUTES

BANKRUPTCY
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

PROPERTY RIGHTS
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

SOCIAL SECURITY
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

FEDERAL TAX SUITS
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

OTHER STATUTES
[ ] 375 FALSE CLAIMS
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV

[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE

[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS

[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION

[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER_____ JUDGE_____ DOCKET NUMBER_____

Check YES only if demanded in complaint
JURY DEMAND: [x] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)   **ORIGIN**

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
     a. all parties represented
     b. At least one party is pro se.
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)   **BASIS OF JURISDICTION**   *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF
[ ] 2 U.S. DEFENDANT
[X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
[ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
Brian Castro
500 West 144th Street Apt. 1H
New York, NY 10031
County of New York

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
The City of New York
100 Church Street
New York, NY 10007
County of New York

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO: [ ] WHITE PLAINS    [X] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE 7/9/14   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
RECEIPT #
[ ] NO
[X] YES (DATE ADMITTED Mo. 1  Yr. 03)
Attorney Bar Code # BK 2325

Magistrate Judge is to be designated by the Clerk of the Court. **MAG. JUDGE K. FOX**

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)